# U.S. DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOELLE TORRES | : | Docket No.: 3:20-cv-00481-RDM |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| GEISINGER HEALTH, | : | HONORABLE |
| Defendant. | : | ROBERT D. MARIANI |

## ANSWER WITH NEW MATTER DEFENSES

AND NOW comes Defendant Geisinger Health[1] ("Geisinger" or "Defendant"), by and through its undersigned counsel, and files the following Answer with Affirmative Defenses to the Complaint filed by Noelle Torres ("Torres" or "Plaintiff").

The numbered paragraphs of the Answer correspond to the like-numbered paragraphs of the Complaint, and, unless admitted herein, each factual averment in the Complaint is denied.

## INTRODUCTION

1.  Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

---

[1] Plaintiff was employed by Marworth and then tentatively accepted an offer for a position at Geisinger Clinic. Geisinger Health was never Plaintiff's employer.

## PARTIES

2. Denied.  Defendant is without information regarding the averments of this paragraph and, therefore, Defendant denies the same and leaves Plaintiff to her proofs.

3. Admitted.  By way of further response, Geisinger Health was not Plaintiff's employer.

## JURISDICTION AND VENUE

4. Denied. Defendant is without information sufficient to form a belief about the truth of the averment regarding when Plaintiff allegedly filed a Charge of Discrimination, and, therefore, Defendant denies the same and leaves Plaintiff to her proofs.  The remaining averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, such averments are denied.

5. Denied. Defendant is without information sufficient to form a belief about the truth of the averment regarding when or if Plaintiff allegedly received a Notice, and, therefore, Defendant denies the same and leaves Plaintiff to her proofs.  The referenced Notice is also a written document which speaks for itself and, therefore, Defendant denies any averment to the extent it conflicts with the written document.  Any remaining averments of this paragraph are denied.

6. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

7. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

8. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

9. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

10. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

11. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

## **STATEMENT OF FACTS**

12.     Defendant incorporates by reference the foregoing responses as if set forth at length herein.

13.     Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

14.     Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

15.     Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

16.     Admitted in part; denied in part.  It is admitted that Plaintiff was hired by Marworth for a position of Nursing Aide/Nursing Administrative Assistant.  It is denied Defendant Geisinger Health hired Plaintiff.  The remaining averments of this paragraph are denied.

17.     Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the averments of this paragraph are denied.

18. Denied. By way of further response, the reviews and/or disciplinary records referenced in this paragraph are written documents which speak for themselves and Defendant denies Plaintiff's characterization of the same. By way of further response, Defendant Geisinger Health did not employ Plaintiff.

19. Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

20. Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment regarding Plaintiff's alleged medical conditions, and therefore the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5). The remaining averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

21. Admitted in part; denied in part. It is admitted solely that Plaintiff advised Defendant, through a third-party benefit administrator that Plaintiff required medical leave in January of 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment regarding the required medical treatment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

22. Admitted in part; denied in part. It is only admitted that Defendant, through a third-party benefit administrator, granted Plaintiff medical leave in January of 2018. The remaining averments of this paragraph are denied.

23. Admitted in part; denied in part. It is only admitted that Defendant, through a third-party benefit administrator, granted Plaintiff medical leave with a return to work date in or around May 2018. The remaining averments of this paragraph are denied.

24. Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

25. Admitted in part; denied in part. It is only admitted that Plaintiff's position was eliminated. The remaining averments of this paragraph are denied.

26. Admitted in part; denied in part. It is only admitted that Defendant extended a conditional offer for a new position. The remaining averments of this paragraph are denied.

27. Admitted. By way of further response, Plaintiff agreed to the start date of July 22, 2018.

28. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

29. Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

30. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

31. Admitted with clarification. It is only admitted that Plaintiff asked to extend the start date for her position from the originally agreed to date of July 22, 2018 to August 6, 2018.

32. Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment and, therefore, the averment is denied pursuant to Fed. R. Civ. P. 8(b)(5).

33. Admitted in part; denied in part. It is only admitted that Plaintiff once against sought to postpone her start date. The remaining averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments are denied.

34. Denied.

35. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

36. Denied.

37. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

38. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

39. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

40. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

41. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. §12101, et seq.**
**<u>DISABILITY DISCRIMINATION AND RETALIATION</u>**

42. Defendant incorporates by reference the foregoing responses as if set forth at length herein.

43.     Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the averments of this paragraph are denied.

44.     Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the averments of this paragraph are denied.

45.     Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the averments of this paragraph are denied.

46.     Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the averments of this paragraph are denied.

47.     Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the averments of this paragraph are denied.

48.     Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951 et. seq.
## DISCRIMNATION AND RETALIATION

49. Defendant incorporates by reference the foregoing responses as if set forth at length herein.

50. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

51. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

52. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

53. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

54. Denied. The averments of this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained all necessary discovery from Plaintiff or others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its answer, and without assuming the burden of proof on matters and issues other than those on which Defendant has the burden of proof as a matter of law, Defendant states as follows:

### First Defense

Plaintiff has failed to exhaust her administrative remedies as required by law and/or is barred by the statute of limitations.

## Second Defense

The Complaint fails to state, in whole or in part, any claim upon which relief may be granted, including under the Americans with Disabilities Act ("ADA") and/or Pennsylvania Human Relations Act ("PHRA").

## Third Defense

Any alleged adverse action was based solely upon factors unrelated to any alleged disability.

## Fourth Defense

Plaintiff's disability claims are barred in whole or in part because there is no reasonable accommodation which would not be an undue hardship.

## Fifth Defense

Plaintiff was not a qualified individual under the ADA and/or PHRA.

## Sixth Defense

Plaintiff cannot establish that the legitimate business reasons offered by Defendant are pretext for discrimination

## Seventh Defense

Plaintiff failed to engage in the interactive process.

### Eighth Defense

The claims asserted in the Complaint are barred in whole or in part because every employment decision of Defendant was based upon legitimate, non-discriminatory, non-retaliatory factors.

### Ninth Affirmative Defense

The Complaint has failed to articulate a *prima facie* case of discrimination, retaliation, violation of the ADA, PHRA, and/or any other cause of action.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendant had in place at all applicable times a policy prohibiting discrimination and harassment and exercised reasonable care to prevent and promptly correct any such conduct.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by her unreasonable failure to take advantage of preventive and corrective opportunities, including those provided under applicable discrimination and harassment policies.

### Twelfth Affirmative Defense

Plaintiff has failed to mitigate her damages, if any, and Defendant is entitled to an offset for all amounts which Plaintiff has earned, or in the exercise of reasonable diligence should have earned.

### Thirteenth Affirmative Defense

Plaintiff's recovery of compensatory damages cannot, in any event, exceed the maximum amount set forth in applicable federal and/or state statute(s).

### Fourteenth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

### Fifteenth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel and/or unclean hands.

### Sixteenth Affirmative Defense

Defendant was not Plaintiff's employer.

### Reservation of Rights

Defendant has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves the right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

                Respectfully submitted,

                BUCHANAN INGERSOLL & ROONEY PC

By: *s/Anthony (T.J.) Andrisano*
    Anthony (T.J.) Andrisano, Esq. (PA 201231)
    Jacob J. Sulzer, Esq. (PA 313089)
    409 North Second Street, Suite 500
    Harrisburg, PA  17101
    Telephone: (717) 237-4800
    Fax: (717) 233-0852
    e-mail:  anthony.andrisano@bipc.com
    e-mail:  jacob.sulzer@bipc.com
    *Attorneys for Defendant*

Dated:  May 22, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was transmitted to the Court ***electronically*** for filing and for service upon the following parties this day:

>Michael P. Murphy, Esq.
>Murphy Law Group, LLC
>1628 John F. Kennedy Boulevard
>Suite 1803
>Philadelphia, PA 19103
>*Attorney for Plaintiff*

By:   *s/Anthony (T.J.) Andrisano*
     Anthony (T.J.) Andrisano, Esquire
     Attorney for Defendant

Dated: May 22, 2020